UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JEROME MORMAN, | ) Case No. CV 16-1437-BRO (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| DIRECTOR OF CORRECTIONS AND REHABILITATION, | ) ) ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On February 16, 2017, Petitioner filed objections to the R. & R., in which he mostly argues that the Magistrate Judge and this Court are biased against him.[1] Although Petitioner does not directly address the Magistrate Judge's conclusion that the Petition is time barred, he does attach to the objections numerous records concerning his mental health. But as noted in the R. & R., during the relevant period Petitioner had the assistance of an inmate helper (R. & R. at 20-21), who continues to litigate the Petition for him (including by

---

[1] On February 28, 2017, the Court construed the objections to include a motion to disqualify both judges, and it was referred to the Honorable S. James Otero, U.S. District Judge, for decision. That same day, he denied the objections "to the extent premised on allegations . . . of bias." Thus, the Court does not address that aspect of the objections.

preparing and filing the objections (see Objs. at 1)).  In any event, the newly submitted medical records show that Petitioner has at all relevant times had only mild mental-health issues: his GAF score has almost always been in the 60s[2] (see, e.g., Objs. at 38 (GAF score of 65 in Sept. 2014), 65 (same in Dec. 2014), 92 (62 in Sept. 2015), 84 (62 in Apr. 2016)); his thought processes have remained "logical" and "linear" and "relevant to the topic of discussion" (see, e.g., id. at 30, 38, 63, 66, 131, 155); and he has always been able to communicate effectively (see, e.g., id. at 65, 69, 156).  The medical records only confirm the Magistrate Judge's conclusion that he is not entitled to equitable tolling based on any mental-health issues.  (See R. & R. at 19-21.)

     Finally, Petitioner objects to what he contends are two factual mistakes made by the Magistrate Judge.  First, he seems to insist that he filed his "Verified Accusation" "in March 2015 [NOT] December 2, 2015 as the Magistrate Judge set out."  (Objs. at 2.)  But the proof of service for that document is signed and dated December 2, 2015, and the document itself refers to events that happened after March 2015.  (See Lodged Doc. 8 at 2, 6-8.)[3]  He also asserts that he "did not admit to not filing his own Notice of Appeal" (Objs. at 20), as the Magistrate Judge stated

---

[2] GAF scores of between 61 and 70 indicate "some mild symptoms (e.g., depressed mood and some insomnia) OR some difficulty in social, occupational, or school functioning . . . but generally functioning pretty well, has some meaningful interpersonal relationships."  Diagnostic and Statistical Manual of Mental Disorders 34 (revised 4th ed. 2000).

[3] For this document the Court uses the pagination provided by its Case Management/Electronic Case Filing system.

(see R. & R. at 3). But Petitioner's claims in the Petition rest on his attorney's not filing a notice of appeal for him, which would not have prejudiced him had he filed his own.

    Because the Petition is time barred for the reasons stated in the R. & R., IT IS ORDERED that it is denied, Respondent's motion to dismiss is granted, and Judgment be entered dismissing this action with prejudice.

DATED: March 9, 2017

BEVERLY REID O'CONNELL
U.S. DISTRICT JUDGE